(51 App. Div. 52.)

### In re LYMAN.

(Supreme Court, Appellate Division, Fourth Department. April Term, 1900.)

LIQUOR-TAX CERTIFICATE — APPLICATION — OMISSION TO ANSWER QUESTION — FALSE PRETENSE.

Where an applicant for a liquor-tax certificate stated in his application that he intended to carry on a bona fide hotel, but did not answer the question as to whether the hotel met the requirements of Liquor-Tax Law, § 31, which prescribes the minimum number of rooms permitted, their construction, etc., such failure to answer, coupled with the fact that the hotel he subsequently ran did not meet the requirements of the law, was sufficient evidence that his certificate was obtained by false pretenses, and hence applicant, having surrendered the same, was not entitled to the rebate for the unexpired term.

Laughlin, J., dissenting.

Appeal from special term, Erie county.

Petition of Henry H. Lyman for a revocation and cancellation of the liquor-tax certificate issued to Charles C. Speidel. From a judgment canceling the same, Charles C. Speidel appeals. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

Moses Shire, for appellant.
C. E. Guile, for respondent.

SPRING, J. This proceeding was instituted October 22, 1899, by the state excise commissioner, but as a citizen of the state, pursuant to subdivision 2, § 23, of the liquor-tax law, to revoke and cancel a liquor-tax certificate issued to the defendant May 18, 1899. The defendant on that day presented to the deputy state excise commissioner his application, and that officer issued to him the certificate, and thereafter he carried on a hotel at 395 Ellicott street, in the city of Buffalo, until October 2d, when he voluntarily surrendered the certificate, and sought the repayment of the rebate for its unexpired term.

The defendant answered question No. 25 of his application (if he intended "to carry on a bona fide hotel on said premises") in the affirmative. The next question (No. 26) was, if such hotel premises "met the requirements of section 31 of said law, as to hotels," and this was not answered. The pith of the attack upon the certificate is that the omission to answer this question affirmatively was in effect a false statement of a material fact. Section 31 defines what constitutes a hotel; prescribing the minimum number of rooms permitted, their construction, etc. Hence the fact sought by that question is one of the essential requirements of the liquor-tax law, pertaining to hotels,

and the materiality of the omission is very significant.  Section 25 of the law permits the holder of a certificate, whose record is clear, to surrender the same to the officer who issued it, and to receive the rebate or unearned value of the certificate for the full months it has to run.  This rebate is paid by the state excise commissioner, and is based upon the surrendered certificate, the petition for its cancellation, and the duplicate receipt of the officer to whom it was made.  The state excise commissioner does not repay at once.  If, within 30 days from the date of the receipt of the certificate by the state commissioner, the holder is arrested or indicted for a violation of this law, or if proceedings are instituted for the cancellation of such certificate within that period, the petition asking for the rebate "shall not be granted until the final determination of such proceeding"; and, if determined adversely to the petitioner, the "certificate shall be canceled, and all rebate thereon shall be forfeited."  It is obvious, therefore, that the holder of a certificate, who it has been judicially determined has violated the law, cannot surrender the same and obtain the rebate.  Whether he is attacked while openly engaged in its violation, or within 30 days after notice of its surrender has been received by the department, its forfeiture follows its cancellation as the result of legal proceedings.  This is essential to a wholesome execution of the law.  Otherwise the holder of a certificate, who is flagrantly engaged in transgressing the law, if he surmises he is to be proceeded against, could surrender his certificate and receive his rebate.  If, however, the attack is made while he is carrying on the traffic, the forfeiture would follow.  There is no such inconsistency in the statute.  That is well illustrated in this case.  About the 27th of September, 1899, agents of the excise department called at defendant's alleged hotel, and made measurements of the rooms therein.  It was patent that the hotel did not comply with the law.  Defendant evidently understood that fact, and probably realized that this action presaged this proceeding at the instance of the deputy.  To circumvent this, and to insure the repayment of the rebate for the unexpired term, he surrendered his certificate for cancellation, and demanded the rebate.

It is contended that the deputy excise commissioner, in issuing the certificate, was derelict in his duty.  But the certificate is a protection to the defendant, nevertheless.  Section 17 of the law requires that the person desiring a certificate "shall prepare and make," upon a blank furnished therefor, a statement, "signed and sworn to by such applicant," containing the facts which are set forth at large in that section.  Section 9 provides that, if the applicant intends to carry on the traffic in a hotel, his application must show "that all the requirements of section 31, herein, defining hotels, have been complied with."  That is, these statements are preliminaries which must precede the granting of a certificate.  The knowledge of the facts is with the applicant, and the affirmative duty is with him to set them forth fully in his statement.  He asks a privilege, and the granting of that privilege depends upon certain facts, which he must state and verify under oath.  If he fails to do that, he transgresses the law, even though the certificate has been issued to him.  It does not follow, necessarily, that the deputy commissioner was delinquent in granting the certifi-

cate. By section 11 the excise taxes are divided into four grades. Subdivision 1 provides for the business of trafficking in liquors in a hotel, restaurant, saloon, etc. The tax imposed is the same, under this subdivision, whether the traffic is carried on in a saloon or in connection with a hotel. There is, in fact, no variation in the amount of the tax in this subdivision. The form of the certificate is also identical. Section 20. They all come within one grade. If the statement shows that the applicant is entitled to the certificate, either as a hotel keeper, saloon keeper, or in a restaurant, the officer is obliged to issue it, and it does not disclose in what capacity the traffic is to be carried on. So far as the certificate is concerned, it is applicable to any one of the places enumerated in this subdivision. The deputy excise commissioner or county treasurer is not charged with the duty of discriminating one business from another, but must issue the certificate if the applicant shows he is entitled to it at all under this subdivision. This official's duties are ministerial. They are specifically defined in the statute. He has no discretion. The petition is the basis for an attack upon the holder of the certificate. If the petitioner has applied for permission to traffic in liquor in a saloon, he cannot sell in a hotel. While the price and the form of the certificate are the same, there are restrictions imposed on and privileges accorded the possession of that license. If he disregards his petition, and then sells in a hotel, he does so in violation of the law, and is amenable to punishment. The reason for this is not that he is violating the terms of his certificate, but that he is selling contrary to the statements in his application. In the application in this case the defendant said, in answer to question No. 8, that he intended to carry on a hotel. He reiterated this in No. 25, but admitted answering the inquiry that his hotel complied with all the requirements of section 31, which, in precise terms, is made obligatory in subdivision 4 of section 16. He then carried on a hotel which did not comply with that section. His failure to answer question No. 26 would be unimportant if his hotel complied with the law, or if he ran a saloon. When, however, that failure is emphasized by the fact that he is running a hotel not meeting the requirements of the law, it becomes significant. He carried on the traffic in liquor in the hotel under false pretenses. He is responsible for omitting to state the crucial facts entitling him to sell liquor in a hotel, and he cannot excuse his misconduct by the lack of vigilance, if any existed, of the officer who issued the certificate. It is to be remembered, also, that this law is primarily a tax measure; that the holder of a certificate is assessed for the privilege granted him. While the certificate is of value, its real import is a voucher for the money paid. The specific rights and obligations under the law are derivable from the statements of the applicant, and not from the certificate.

The order is affirmed, with costs. All concur, except LAUGHLIN, J., dissenting.

ADAMS, P. J. (concurring). Had the appellant answered the twenty-sixth question in the affirmative, his answer would have been false, and the revocation of his tax certificate would follow as

a natural consequence. On the other hand, had his answer been in the negative, he would not have been entitled to receive such a certificate. The question, therefore, which presents itself, is whether, by omitting to answer the question at all, he shall be permitted to secure to himself a privilege which he could not have secured had he made any answer to that inquiry. It is perfectly obvious that, at the time the certificate was applied for, the premises in which the appellant carried on his hotel did not, nor do they now, meet the requirements of section 31 of the liquor-tax law. This was something of which he must necessarily have been aware, and, although there is no finding to that effect, the conclusion is irresistible that his omission to answer question 26 was not accidental, but was an intentional evasion, designed to mislead the special deputy commissioner of excise. It was therefore a fraud upon that official, and, however negligent he may have been in not discovering the omission, the appellant should not be permitted to profit by his fraudulent act. For this reason, I favor an affirmance of the order appealed from.

LAUGHLIN, J. (dissenting). The liquor-tax certificate in question was voluntarily surrendered and delivered to the commissioner of excise prior to the commencement of this proceeding. The sole object of the proceeding is, therefore, to deprive the appellant of the rebate of the tax paid for the unexpired part of the excise year. The only issue presented by the petition, as amended by the order of the court, which was made on consent, and the answer, is whether the appellant made a false statement in answering question 26, contained in his application. It was shown and is conceded that no answer to the question was written in the application, or otherwise expressly made. It is claimed that the mere presentation of the petition, showing an intention to keep a hotel, with this question unanswered, constitutes an answer to the question in the affirmative, by implication. The same form of application is used by saloon and hotel keepers, but question 26 need not be answered where the applicant only intends to conduct a saloon. I deem the view that such an application constitutes by implication an affirmative answer to question 26 erroneous, and consider the conclusion therefrom that the applicant made a false statement in his application unwarranted. The other questions discussed in the prevailing opinion are not, I think, presented by the record.